UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISON

CRAIG STEVENSON,
    Petitioner,

v.

SHAWN HATTON,
    Respondent.

Case No. 16-cv-4328-NJV (PR)

**ORDER DISMISSING PETITION WITH LEAVE TO AMEND**

Petitioner, a California prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the denial of parole by the governor. Petitioner is incarcerated in this district, so venue is proper here. *See* 28 U.S.C. § 2241(d). Petitioner has paid the filing fee and has consented to the jurisdiction of a Magistrate Judge.

## BACKGROUND

Petitioner was convicted of first degree murder in 1978 and sentenced to seven years to life in state prison. Petition at 1. It appears that the Board of Parole Hearings ("BPH") recently granted parole but the governor reversed the grant. Petition at 5. Petitioner's appeals to the Los Angeles County Superior Court, California Court of Appeal and California Supreme Court were denied. Petition at 3-5.

## DISCUSSION

**Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v.*

1   *Hodges*, 423 U.S. 19, 21 (1975).  Habeas corpus petitions must meet heightened pleading

2   requirements.  *McFarland v. Scott*, 512 U.S. 849, 856 (1994).  An application for a federal writ of

3   habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court

4   must "specify all the grounds for relief available to the petitioner . . . [and] state the facts

5   supporting each ground."  Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.

6   "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real

7   possibility of constitutional error.'"  Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*,

8   431 F.2d 688, 689 (1st Cir. 1970)).

**Legal Claims**

The specific nature of petitioner's claims is difficult to discern.  He states that he is not challenging the evidence used by the governor, rather he challenges various state requirements and he alleges that the state courts abused their discretion and violated his rights.  He also contends that his continued incarceration violates the Eighth Amendment.

In 2011, the United States Supreme Court overruled a line of Ninth Circuit precedent that had supported habeas review in California cases involving denials of parole by the BPH and/or the governor.  *See Swarthout v. Cooke*, 562 U.S. 216 (2011).  The Supreme Court held that federal habeas jurisdiction does not extend to review of the evidentiary basis for state parole decisions.  Because habeas relief is not available for errors of state law, and because the Due Process Clause does not require correct application of California's "some evidence" standard for denial of parole, federal courts may not intervene in parole decisions as long as minimum procedural protections are provided.  *Id*. at 220-21.  Federal due process protection for such a state-created liberty interest is "minimal," the determination being whether "the minimum procedures adequate for due-process protection of that interest" have been met.  The inquiry is limited to whether the prisoner was given the opportunity to be heard and received a statement of the reasons why parole was denied.  *Id*. at 221; *Miller v. Oregon Bd. of Parole and Post–Prison Supervision*, 642 F.3d 711, 716 (9th Cir. 2011) ("The Supreme Court held in *Swarthout* that in the context of parole eligibility decisions the due process right is procedural, and entitles a prisoner to nothing more than a fair hearing and a statement of reasons for a parole board's decision.").  This procedural inquiry is "the

2

beginning and the end of" a federal habeas court's analysis of whether due process has been violated when a state prisoner is denied parole. *Swarthout* at 220. The Ninth Circuit has acknowledged that after *Swarthout*, substantive challenges to parole decisions are not cognizable in habeas. *Roberts v. Hartley*, 640 F.3d 1042, 1046 (9th Cir. 2011). The rule is the same when, as here, a petitioner challenges a decision by the governor rather than a decision of the parole board. *Styre v. Adams*, 645 F.3d 1106, 1108-09 (9th Cir.2011).

Petitioner's arguments that the state courts erred in denying him relief and that there were state law violations only raise issues of state law. As set forth in *Swarthout* the federal due process protections do not include adherence to California laws and procedures. Challenges to the enactment of state laws and procedures must be presented in state court. Petitioner presented his claims in state court but his challenges were all denied. Petition at 3-5. This court cannot overrule state court decisions or find that California courts incorrectly interpreted state law.

Petitioner also argues that the denial of parole violated the Eighth Amendment. As noted above, petitioner was sentenced to seven years to life in prison for first degree murder. Petitioner has not identified any authority that such a sentence for first degree murder violates the Eighth Amendment. His sentence is consistent with state law and is not excessive or disproportionate under clearly established Supreme Court authority. *See Ewing v. California*, 538 U.S. 11, 23 (2003) ("'Eighth Amendment does not require strict proportionality between crime and sentence'"; "'[r]ather, it forbids only extreme sentences that are "grossly disproportionate" to the crime'"); *see also Harmelin v. Michigan*, 501 U.S. 957, 994-95 (1991) (upholding sentence of life without the possibility of parole for possession of 672 grams of cocaine by first time offender); *Lockyer v. Andrade*, 538 U.S. 63, 73-77 (2003) (affirming 25 years to life sentence under Three Strikes law for petty theft of $153.54 worth of videotapes). These Supreme Court decisions indicate that the term petitioner has served to date for the crime of first degree murder is not so disproportionate as to violate the Eighth Amendment or due process. The petition is dismissed with leave to amend to address the deficiencies discussed above.

**CONCLUSION**

1. The petition is **DISMISSED** with leave to amend in accordance with the standards set forth above. The amended petition must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words AMENDED PETITION on the first page. Failure to amend within the designated time will result in the dismissal of this action.

2. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: August 18, 2016

_____
NANDOR J. VADAS
United States Magistrate Judge