UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISON

CRAIG STEVENSON,
    Petitioner,

v.

SHAWN HATTON,
    Respondent.

Case No. 16-cv-4328-NJV (PR)

**ORDER OF DISMISSAL**

Petitioner, a California prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the denial of parole by the governor. Petitioner is incarcerated in this district, so venue is proper here. *See* 28 U.S.C. § 2241(d). Petitioner has paid the filing fee and has consented to the jurisdiction of a Magistrate Judge. The court dismissed the original petition with leave to amend and petitioner has filed an amended petition. Docket Nos. 7, 8.

**BACKGROUND**

Petitioner was convicted of first degree murder in 1978 and sentenced to seven years to life in state prison. Docket No. 1 at 1. The Board of Parole Hearings ("BPH") recently granted parole but the Governor reversed the grant. Docket No. 8 at 2. Petitioner's appeals to the Los Angeles County Superior Court, California Court of Appeal and California Supreme Court were denied. Docket No. 1 at 3-5.

**DISCUSSION**

**Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner . . . [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**Legal Claims**

Petitioner contends that the Governor improperly denied parole by relying on evidence that was not part of petitioner's underlying commitment offense. Petitioner argues that the evidence was not part of his prison central file, that he was unable to review the evidence, and that reliance on the evidence violated the prohibition against double jeopardy. He claims that he was denied an evidentiary hearing when he filed a habeas petition in state court regarding the Governor's denial. He also claims that his continued incarceration violates the Eighth Amendment.

In 2011, the United States Supreme Court overruled a line of Ninth Circuit precedent that had supported habeas review in California cases involving denials of parole by the BPH and/or the governor. *See Swarthout v. Cooke*, 562 U.S. 216 (2011). The Supreme Court held that federal habeas jurisdiction does not extend to review of the evidentiary basis for state parole decisions. Because habeas relief is not available for errors of state law, and because the Due Process Clause does not require correct application of California's "some evidence" standard for denial of parole, federal courts may not intervene in parole decisions as long as minimum procedural protections are provided. *Id*. at 220-21. Federal due process protection for such a state-created liberty interest is "minimal," the determination being whether "the minimum procedures adequate for due-process protection of that interest" have been met. The inquiry is limited to whether the prisoner was given the opportunity to be heard and received a statement of the reasons why parole was denied. *Id*. at 221; *Miller v. Oregon Bd. of Parole and Post–Prison Supervision*, 642 F.3d 711, 716 (9th

1  Cir. 2011) ("The Supreme Court held in *Swarthout* that in the context of parole eligibility

2  decisions the due process right is procedural, and entitles a prisoner to nothing more than a fair

3  hearing and a statement of reasons for a parole board's decision."). This procedural inquiry is "the

4  beginning and the end of" a federal habeas court's analysis of whether due process has been

5  violated when a state prisoner is denied parole. *Swarthout* at 220. The Ninth Circuit has

6  acknowledged that after *Swarthout*, substantive challenges to parole decisions are not cognizable

7  in habeas. *Roberts v. Hartley*, 640 F.3d 1042, 1046 (9th Cir. 2011). The rule is the same when, as

8  here, a petitioner challenges a decision by the governor rather than a decision of the parole board.

9  *Styre v. Adams*, 645 F.3d 1106, 1108-09 (9th Cir.2011).

10  Petitioner's arguments that the state courts erred in denying him relief and that there were

11  state law violations only raise issues of state law. As set forth in *Swarthout*, the federal due

12  process protections do not include adherence to California laws and procedures. Challenges to the

13  enactment of state laws and procedures must be presented in state court. Petitioner presented his

14  claims in state court but his challenges were all denied. Docket No. 1 at 3-5. This court cannot

15  overrule state court decisions or find that California courts incorrectly interpreted state law.

16  Petitioner was provided the opportunity to be heard and provided a statement why the Governor

17  denied parole. The Governor does not need to conduct a conduct a second suitability hearing

18  before reversing a parole decision in order to comply with due process. *Styre*, 645 F.3d at 1108.

19  That petitioner disagrees with the evidence the Governor relied on does not present a federal

20  claim. Similarly, that the state court denied petitioner an evidentiary hearing fails to state a federal

21  claim as petitioner is challenging state law and state court procedures.

22  Petitioner also argues that the denial of parole violated the Eighth Amendment. As noted

23  above, petitioner was sentenced to seven years to life in prison for first degree murder. Petitioner

24  has not identified any authority that such a sentence for first degree murder violates the Eighth

25  Amendment. His sentence is consistent with state law and is not excessive or disproportionate

26  under clearly established Supreme Court authority. *See Ewing v. California*, 538 U.S. 11, 23

27  (2003) ("'Eighth Amendment does not require strict proportionality between crime and

28  sentence'"; "'[r]ather, it forbids only extreme sentences that are "grossly disproportionate" to the

crime'"); *see also Harmelin v. Michigan*, 501 U.S. 957, 994-95 (1991) (upholding sentence of life without the possibility of parole for possession of 672 grams of cocaine by first time offender); *Lockyer v. Andrade*, 538 U.S. 63, 73-77 (2003) (affirming 25 years to life sentence under Three Strikes law for petty theft of $153.54 worth of videotapes).  These Supreme Court decisions indicate that the term petitioner has served to date for the crime of first degree murder is not so disproportionate as to violate the Eighth Amendment or due process.

## CONCLUSION

Because petitioner has already been provided leave to amend and further amendment would be futile the petition is **DISMISSED**.  Because reasonable jurists would not find the result here debatable, a certificate of appealability ("COA") is **DENIED**.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000) (standard for COA).

**IT IS SO ORDERED.**

Dated: November 9, 2016

_____
NANDOR J. VADAS
United States Magistrate Judge